UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                                          Criminal No. 10-61 PJS/AJB

               Plaintiff,

v.                                          **REPORT AND RECOMMENDATION**

(1)    Clayton Craig Hogeland,
(2)    Jennifer Rose Hogeland,
(3)    Jeffrey Cole Bennett,

               Defendants.


Timothy C. Rank, Esq., Assistant United States Attorney, for the plaintiff, United States of America;
John C. Brink, Esq., for defendant Clayton Craig Hogeland;
Daniel L. Gerdts, Esq., for defendant Jennifer Rose Hogeland; and
Andrew R. Small, Esq., David Kustoff, Esq., James Thomas, Esq., and Juni Ganguli, Esq., for defendant Jeffrey Cole Bennett.


This action came on for hearing before the Court, Magistrate Judge Arthur J. Boylan, on July 15, 2010, at the U.S. Courthouse, 316 North Robert Street, St. Paul, MN 55101. Testimony was presented at the hearing with regard to suppression of statements, and motions for severance and dismissal are also before the court.

Based upon the file and documents contained therein, along with testimony presented at hearing and the memorandum arguments of counsel, the magistrate judge makes the following:

**FINDINGS**

        **Statements.** On February 11, 2008, IRS Special Agent Steven W. Kunstman and U.S. Postal Service Inspector Valdes went to residence of Clayton Hogeland and Jennifer Hogeland in an attempt to contact Clayton Hogeland in connection with the investigation in this

matter. An investigation into possible wire fraud offenses had been commenced by the U.S. Postal Service, and the IRS became involved in late 2007 upon request by the postal service investigative service. The agents had been unsuccessful in a prior effort to personally contact Mr. Hogeland at his office. The agents arrived at the home in the late afternoon and Jennifer Hogeland answered the door. The agents identified themselves and were admitted into the entryway. They were dressed in business suits. Upon asking for Mr. Hogeland the agents were told that he was not home. Jennifer Hogeland was then asked whether she would be willing to speak to the agents about some checks that had been written to her, whereupon she indicated that she wanted to move some children who were present nearby into another room or area of the house. When she returned from attending to the children, Jennifer Hogeland led the agents to a dining table in the kitchen/dining area, approximately 10-15 feet from the foyer where the agents had been waiting. She was advised that she was not under arrest; she did not have to talk with the agents; and she could ask the agents to leave at any time. Agent Kunstman and Inspector Valdes took seats on one side of the table and Agent Kunstman proceeded to lay out various tax returns and checks on the table. Jennifer Hogeland remained standing near the table, at times walking around. The agents were at the dining table for approximately 10 minutes, during which time Ms. Hogeland was asked several questions about the checks that were being shown to her. The agents left the premises after being in the home for approximately 15 minutes total. Jennifer Hogeland was cordial towards the agents throughout the meeting and she was not arrested. Although she answered some question put to her, the agents were referred to Clayton Hogeland for responses to other questions.

      Based upon the foregoing Findings, the magistrate judge makes the following:

## **CONCLUSIONS**

**Statements.**  Defendant Jennifer Hogeland statements to IRS Special Agent Steven W. Kunstman and U.S. Postal Service Inspector Valdes at the defendant's residence on February 11, 2008, were not made while defendant was under arrest or in a custodial setting. The agents and the defendant were meeting pursuant to request by government agents, and defendant Jennifer Hogeland's consent to questioning was voluntary and willing.  The agents were invited into the defendant's residence and the invitation was not coerced in any respect. Defendant's statements were freely and voluntarily provided; the statements were not the result of promises, threats, or coercion; the statements were not otherwise obtained in violation of Jennifer Hogeland's constitutional rights, including the right to counsel and the right to remain silent; and defendant was not arrested at the conclusion of the interview.  Under the circumstances of the interview in this instance there was no requirement that the defendant be advised of his rights per <u>Miranda</u>.  She was free to leave the living room and the residence at all times before, during, and after the meeting in her home and agents would have left the premises upon defendant's request at any time during the meeting.

Custody occurs when the subject's freedom of action is limited in any significant manner.  <u>United States v. Axsom</u>, 289 F.3d 496, 500 (8th Cir. 2002) (citing <u>United States v. Griffin</u>, 922 F.2d 1343, 1347 (8th Cir. 1990) and <u>Miranda v. Arizona</u>, 384 U.S. 436, 444, 86 S.Ct. 1602 (1966)).  The court must consider the presence and extent of physical and psychological restraints upon the subject's liberty during questioning and thereafter determine whether a reasonable person in the suspect's situation would have understood that he was indeed in custody.  <u>Axsom</u> at 500 (citing <u>Griffin</u>, 922 F.2d at 1347).  Indicia which are commonly

applied in determining custody are:

> (1) whether the suspect was informed that the questioning was voluntary and that the subject was free to leave or request that officers leave, or that the suspect was not under arrest; (2) whether the suspect possessed unrestrained freedom during questioning; (3) whether the suspect initiated contact with law enforcement or voluntarily acquiesced to requests for responses to questions; (4) whether strong arm tactics or deception were used during questioning; (5) whether the atmosphere of the questioning was police dominated; or (6) whether the subject was arrested at the conclusion of questioning.

Id., (citing Griffin at 1349).

With respect to the Griffin factors, the defendant was advised that the meeting was voluntary and that she was not under arrest; the defendant's freedom during questioning was entirely unrestricted; and the defendant voluntarily acquiesced in the request for responses to questions. The mitigating factors weigh against a determination that the defendant was in custody. The aggravating factors likewise weigh against a finding of custody where there is simply no evidence of deception or strong arm tactics during questioning, no atmosphere of police domination, and no arrest after questioning. Finally, the court again finds no constitutional justification for suppression of statements made by Jennifer Hogeland at her residence.

**Severance.**  Pretrial severance of defendants is not required in this case. Defendants Clayton Craig Hogeland, Jennifer Rose Hogeland, and Jeffrey Cole Bennett have each moved for severance of defendants for separate trials. Defendants have variously asserted the existence of antagonistic defenses, inability to cross-examine co-defendants, and improper joinder. Defendant Jennifer Hogeland further asserts prejudice based upon her being required to attend a trial on charges for which she has not been indicted. The court concludes that defendants have not shown with particularity or certainty that severance is necessary to avoid

risk of compromising any specific trial right to which any particular defendant is entitled or is necessary to prevent the jury from making a reliable judgment as to the guilt or innocence of each defendant.

Defendants Clayton Hogeland and Jeffrey Bennett have been charged with various counts of mail fraud, conspiracy to commit mail fraud, and money laundering conspiracy. In addition, Jennifer Hogeland and Clayton Hogeland have been jointly indicted on income tax evasion charges, and defendant Jeffrey Bennet has been separately charged with income tax evasion. Each of the income tax evasion counts alleges an attempt to evade taxes on income derived from the fraud schemes in which Clayton Hogeland and Jeffrey Bennett are alleged to have participated.

Two or more defendants may be charged in the same indictment if they are alleged to have participated in the same transaction or series of incidents constituting an offense or offenses. Fed. R. Crim. P. 8(b). There is a preference in the federal system for joint trials of defendants who are indicted together. Zafiro v. United States, 506 U.S. 534, 113 S.Ct. 933, 937 (1993). Persons charged with conspiracy should generally be tried together and it will rarely be improper for co-conspirators to be tried together. United States v. Kindle, 925 F.2d 272, 277 (8th Cir. 1991); United States v. Stephenson, 924 F.2d 753, 761 (8th Cir. 1991)(cert. denied 502 U.S. 813 (1991)).

It is the general rule in the Federal system is that co-conspirators should be tried together. The court may grant a severance of defendants if it appears that a defendant is prejudiced by a joinder of defendants at trial. Fed. R. Crim. P. 14. A court "should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a

5

specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro, 113 S.Ct. at 938.  The trial court's duty on a motion for severance is to weigh prejudice resulting from a single trial against the expense and inconvenience of separate trials.  United States v. Parra, 2 F.3d 1058, 1062 (10th Cir. 1993). Defendants have not shown that severance of defendants for purposes of trial is necessary to avoid risk of compromising any specific trial right to which each of them is entitled or is necessary to prevent the jury from making a reliable judgment as to the guilt or innocence of each of them.

The indictment in this case sufficiently delineates the charges and identifies those defendants charged with each offense.  Based upon the indictment and evidence produced at hearing the court concludes that the roles of the defendants are sufficiently distinct and identifiable that a jury, with the aid of instructions, will be able to distinguish the role of each defendant with respect to the separate counts and will be able to properly compartmentalize the evidence relating to each defendant and to each count.  United States v. O'Connell, 841 F.2d 1408, 1432 (8th Cir. 1987).  Moreover, the court finds that defendants Clayton Hogeland and Jeffrey Bennett are not significantly prejudiced with respect to the possible inability to cross-examine co-defendant Jennifer Hogeland about statements she made to investigating agents.  As to severance for separate trials on the tax evasion charges, particularly with respect to defendant Clayton Hogeland, allegations of a connection between the fraud and money laundering charges and the tax evasion charges are sufficient to support the joinder.  See United States v. Midkiff, _ F.3d _, 2010 WL 2790937 (8th Cir. 2010) (joinder of fraud and tax counts against a single defendant are appropriate when offenses are connected with or constitute parts of a common

scheme or plan). Jennifer Hogeland's connection is sufficiently based upon the tax returns that were jointly filed with Clayton Hogeland. Moreover, defendants offer no compelling basis for a determination that one defendant is unduly prejudiced by joinder with the other defendants in this case to the extent necessary to overcome the preference for joinder of defendants in conspiracy cases. The court concludes that the defendants and counts were not improperly joined in the indictment and severance of defendants for separate trials is not required.

**Dismissal of Counts**

      **Statute of Limitations.** Defendants Jeffrey Bennett and Clayton Hogeland move for dismissal of Count 1, alleging a charge of mail fraud[1] against each of them, and Count 2, alleging a charge of conspiracy to commit mail fraud against each of them, asserting that the charges are barred by the five-year statute of limitations at 18 U.S.C. § 3282.[2] The indictment in this matter was returned on March 17, 2010. The mail fraud charged in Count 1 alleges that the

---

[1] The mail fraud statute at 18 U.S.C. § 1341 states in pertinent part:
> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, . . . for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or deposits or causes to be deposited any mater or thing whatever to be sent or delivered by any private or commercial interstate carrier, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail or such carrier according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be fined under this title or imprisoned not more that 20 years, or both.

[2] 18 U.S.C. § 3282 states:
> Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed.

mailing was received by defendant Jeffrey Bennett on or about March 17, 2005. The conspiracy charged in Count 2 alleges a number of specific overt acts, including the receipt of a mailing by Jeffrey Bennett on or about March 17, 2005, along with several mailings which were made prior to that date. The government acknowledges that the five-year statute of limitations applies in this instance, but while the defendant argues that the period of limitations commences the day on which a fraudulent item was placed in the mail box, the government contends that the limitations period is properly measured no sooner than the day of receipt of a fraudulent mailing.

Defendants direct the court to United States v. Pemberton, 121 F.3d, 1157, 1163 (8th Cir. 1997) wherein the court parenthetically stated that for mail fraud, the relevant period of limitations date is the date of mailing. Since Counts 1 and 2 of the indictment do not allege any particular acts involving the defendants after Jeffrey Bennett's March 17, 2005 receipt of a check mailed on the previous day, the March 17, 2010, defendants insist that the indictment is untimely. The government, on the other hand, argues that a scheme to defraud as specifically contemplated at 18 U.S.C. § 1341 encompasses receipt of mailed matter as well as the initial placement with the post office, and the five-year limitations period does not begin prior to completion of the scheme. See United States v. Crossley, 224 F.3d 847, 859 (6th Cir. 2000) (completion of a mail fraud offense encompasses a broad scope of acts relating to execution of a scheme to defraud, including receiving).

The government's argument with respect to time of commencement of the five-year statute of limitations is persuasive. By its explicit terms the mail fraud statute provides that the scheme may entail actions other than and subsequent to depositing mail matter. Indeed, the "mailing" requirement of 18 U.S.C. § 1341 is certainly not so narrow as to be limited to showing

actual mailing by the defendant, but can be established by showing the defendant "caused" the mailing to occur.  United States v. Flemino, 691 F.2d 1263, 1265 (8th Cir. 1982) (citing United States v. Wrehe, 628 F.2d 1079 (8th Cir. 1980)).  Furthermore, neither delivery to the post office nor receipt of the matter signals completion of the fraud where the object of the scheme is to obtain the proceeds.  Flemino at 1265-66.  In this instance the indictment alleges that mailed matter was received by defendant Jeffrey Bennett no more than five years before the indictment was returned and the charging instrument therefore states evidence to establish that the statute of limitations does not bar Count 1.  Likewise, with respect to the mail fraud conspiracy charged in Count 2, the indictment references receipt of mail matter within the five-year limitations period.  In any event, the period of limitations for a conspiracy charge commences at the time of the last overt act in advancement of the conspiracy, including acts of concealment such as tax evasion.  United States v. Rabinowitz, 56 F.3d 932, 933-34 (8th Cir. 1995).  Motions by defendants Jeffrey Bennett and Clayton Hogeland to dismiss Count 1 and Count 2 of the indictment on statute of limitations grounds should be denied.

**Failure to State a Claim.**  Defendant Clayton Hogeland moves to dismiss all of the mail fraud and money laundering charges for failure to state an offense.  Counts 1 and 4-7 allege mail fraud; Counts 2 and 8 alleged mail fraud conspiracy; Count 3 alleges money laundering; and Count 9 alleges money laundering conspiracy.  Defendant contends that the indictment is deficient with respect to the mail fraud charges in Counts 1 and 4-7 because their references to a "scheme or artifice" fail to explicitly allege a "scheme or artifice to defraud" and that this deficiency constitutes failure to allege an essential element of each offense and is fatal to those indictment counts.  Defendant Hogeland further argues that the failure to properly allege

9

each mail fraud charge is likewise fatal to the mail fraud conspiracy charges in Counts 2 and 8. Similarly, defendant contends that the money laundering offenses in Counts 3 and 9 are inadequately charged because they are dependent upon the deficient mail fraud counts; and the counts do not allege sufficient facts and elements relating to offense transactions, concealment, or interstate commerce.

A offense is adequately stated if the indictment contains all the essential elements of the offense, fairly informs the defendant of the charges which must be defended, and alleges sufficient information to allow defendant to plead double jeopardy as a bar to a subsequent prosecution. United States v. Sewell, 513 F.3d 820, 821 (8th Cir. 2008) (citing United States v. Hernandez, 299 F.3d 984, 992 (8th Cir. 2002). An indictment is typically sufficient unless it is so defective that it fails to charge the offense under any reasonable construction. Id. With respect to the mail fraud and mail fraud conspiracy charges, in each instance the counts reference and incorporate previous indictment paragraphs which expressly allege a "scheme to defraud."[3] As for the money laundering charges in Counts 3 and 9,[4] those counts likewise incorporate previous paragraphs and are not lacking because of insufficiencies in mail fraud charging. Furthermore, Counts 3 and 9 allege the element of the offenses by reference to transactions affecting interstate commerce and involving transfers of proceeds of mail fraud which were designed to conceal such proceeds.[5] The indictment in this matter contains substantial

---

[3] See Indictment ¶ 5 with respect to Count 1 mail fraud and Indictment ¶ 17 with respect to Counts 4-7.

[4] See Indictment ¶ 15 with respect to Count 3 money laundering conspiracy and Indictment ¶ 28 with respect to Count 9 money laundering conspiracy.

[5] See Indictment ¶ 16 with respect to Count 3 and Indictment ¶ 29 with respect to Count 9.

descriptions of activities constituting the charged offenses and facts relating to the offenses which are fully sufficient to apprise the defendant of the nature of the charges and to allow him to plead conviction or acquittal as a bar to a subsequent prosecution. Defendant Clayton Hogeland's motion to dismiss indictment counts for failure to state an offense is without merit and should be denied.

**Duplicity.** Defendant Clayton Hogeland asserts that the Count 1 mail fraud charge and the Count 2 mail fraud conspiracy charge, as well as the Count 3 and Count 9 money laundering conspiracy charges, are all duplicitous and should be dismissed on that account. An indictment is duplicitous when it charges two or more distinct offenses in a single count. United States v. Nattier, 127 F.3d 655, 657 (8th Cir. 1997). The vice in a duplicitous indictment is the possibility that the jury could convict without unanimous agreement with respect to a particular offense. Id. (citing United States v. Karam, 37 F.3d 1280, 1286 (8th Cir. 1995)). Nonetheless, this risk can be cured by a limiting instruction requiring unanimous jury finding of guilt as to at least one distinct act. Id.

Defendant contends that Counts 1 and 2 each allege fraud based upon (1) a scheme involving submission and payment of phony invoices, and (2) a kickback scheme, and that a jury could improperly return a guilty verdict without unanimity as to just one of the alleged schemes. The government asserts that no separate kickback scheme is alleged, but that the indictment merely describes the distribution of fraud proceeds in the context of a kickback.[6] With respect to money laundering conspiracy offenses the defendant contends that multiple offenses are charged in each count because the counts appear to relate to multiple transactions.

---

[6] See Indictment ¶ 9.

11

The government insists that Counts 3 and 9 allege continuing conduct rather than separate and distinct substantive money laundering offenses, and the counts are therefore not duplicitous. The court concludes that Counts 1 and 2 do not allege separate kickback schemes and are not duplicitous on that account. The court further concludes that Counts 3 and 9 do not allege separate substantive money laundering offenses based upon separate transactions, but rather, allege continuing conspiracy as evidenced multiple transactions and likewise are not duplicitous. Finally, the risk of duplicity with regard any of these counts can be cured by a limiting instruction to the jury. United States v. Karam, 37 F.3d 1280, 1286 (citations omitted). Defendant Clayton Hogeland's motion to dismiss counts for duplicity should be denied.

**Multiplicity.** Defendant Clayton Hogeland moves for dismissal of the indictment on a claim that the indictment is multiplicitous. An indictment is multiplicitous when it charges the same offense in two counts. United States v. Chipps, 410 F.3d 438, 447 (8th Cir. 2005). The mischief that may result from a multiplicitous indictment is the possibility that the defendant could be subjected to double punishment for the same crime in violation of the Fifth Amendment prohibition against double jeopardy. Id. (citations omitted). Defendant generally asserts that a single alleged course of conduct alleged as a fraud against Advantage Transportation has been improperly charged as multiple discrete offenses. In opposing dismissal for multiplicity, the government insists that the indictment establishes that separate schemes involving the same victim were indeed separate, and furthermore, each use of the mails constitutes a separate mail fraud offense, and each execution of a scheme to defraud constitutes a separate indictable offense. See United States v. Barnhart, 979 F.2d 647, 651 (8th Cir. 1992).

The indictment in this matter sets out a "phone invoice scheme"[7] and a "phone consultant scheme"[8] which are described separately and as distinctly different means of executing frauds.  Despite time overlap and the involvement of some of the same parties they do not allege a single conspiracy and do not rely on the same facts to establish both schemes.  In addition, separate mail fraud counts against defendant Clayton Hogeland are charged on the basis of separate checks and mailings.  Defendant's motion to dismissal the indictment on multiplicity grounds should be denied.

**Preindictment Delay.**  Defendant Clayton Hogeland moves for dismissal of the indictment for pre-indictment delay by the government, in violation of his right to due process.  It is generally asserted that the government deliberately delayed bringing the indictment until the last minute to gain tactical advantage, largely based upon the loss or destruction of checks or invoices, to the prejudice of the defendant(s).  The government denies causing any unreasonable delay and contends that defendant has not made the necessary and specific showing of actual and substantial prejudice resulting from delay.

The defendant bears the burden of showing actual prejudice resulting from pre-indictment delay and must specifically identify witnesses or evidence lost during a delay attributable to the government.  United States v. Bartlett, 794 F.2d 1285, 1289 (8th Cir. 1986).  Defendant in this instance has offered only speculative and conclusory claims relating to prejudice he may have suffered and has not provided any information to establish the materiality of particular documents which may or may not have been lost.  See Bartlett at 1289-90.

---

[7] Indictment ¶¶ 5-9.

[8] Indictment ¶¶ 17-22.

Defendant Clayton Hogeland's motion to dismiss the indictment for pre-indictment delay should be denied.

Based upon the foregoing Findings and Conclusions, the magistrate judge makes the following:

## RECOMMENDATION

The Court **hereby recommends** that:

1. Defendant Jennifer Rose Hogeland's Motion to Suppress Statements Made by Defendant be **denied** [Docket No. 87];

2. Defendant Clayton Craig Hogeland's Motion for Severance of Defendants be **denied** [Docket No. 78];

3. Defendant Jennifer Rose Hogeland's Motion for Severance of Defendants be **denied** [Docket No. 90];

4. Defendant Jeffrey Cole Bennett's Motion for Severance of Defendants be **denied** [Docket No. 97];

5. Defendant Jeffrey Cole Bennett's Motion to Dismiss Counts 1 and 2 of the Indictment be **denied** [Docket No. 59]; and

6. Defendant Clayton Craig Hogeland's Motion to Dismiss Indictment be **denied** [Docket No. 83];

Dated:     August 16, 2010

                                                  s/Arthur J. Boylan
                                                  Arthur J. Boylan
                                                  United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before September 1, 2010.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.